**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LISANDRO CANEL, | No. 18-72472 |
| Petitioner, | Agency No. A205-052-995 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2021[**]
Pasadena, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CHRISTENSEN,[***]
District Judge.

Jose Lisandro Canel ("Canel"), a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") denial of his 2014

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

**1.**     An asylum application must be filed within a year of the applicant's arrival in the United States unless he can demonstrate changed circumstances affecting his asylum eligibility.  8 U.S.C. § 1158(a)(2).  Whether an applicant's circumstances have changed is a mixed question of law and fact, which we review for substantial evidence.  *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).  Canel puts forth as the changed circumstance the growth of the vigilante group that beat him for being out past a curfew.  However, Canel's only supporting evidence is a 2011 article stating that vigilante groups in Guatemala "have given rise to the commission of crimes, including the restriction of rights like freedom of movement."  Assuming *arguendo* that the article was evidence of a changed circumstance, Canel was nonetheless obligated to file his asylum application within a reasonable amount of time after the changed circumstance.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008) (noting that a delay of over six months is presumptively unreasonable).  Canel's application was filed some three years after the article and he offers no explanation

---

[1]     Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

for the delay.  Accordingly, his filing was not timely.

**2.** Substantial evidence also supports the BIA's determination that Canel failed to establish past persecution, or the well-founded fear or clear probability of future persecution, on account of a protected ground.  The BIA correctly concluded that Canel's proposed social group of "young Guatemalan men from the city of San Juan, Guatemala who are targeted by local security committees because they are perceived as criminals" is not a cognizable social group.  It is impermissibly defined by the risk of harm.  *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008) (holding that a social group could not "be defined exclusively by the fact that its members have been subjected to harm in the past"); *Matter of A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74 (BIA 2007) (same).  In addition, Canel has not shown that his proposed group is not amorphous or that Guatemalan society recognizes it as a cognizable group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1135–36 (9th Cir. 2016) (stating that a social group cannot be "amorphous," and must "generally be recognizable by other members of the community" (quoting *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–89 (9th Cir. 2013) (en banc))).

**3.** Finally, substantial evidence supports the BIA's conclusion that Canel did not establish a reasonable likelihood of torture if removed to Guatemala.  *See* 8 C.F.R. § 1208.16(c)(2).  Canel failed to show that the vigilante group would seek him out, identify, and torture him, almost fifteen years after he left Guatemala, and

3

Canel's family, including his younger brother, remain in Guatemala and have not been harmed.[2]

**PETITION DENIED**.

---

[2] Canel also argues that the IJ erred in not making a credibility determination. However, the BIA assumed his credibility.